FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR -6  AM 11: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER DEROUSELLE          CIVIL ACTION

VERSUS                          NUMBER: 05-1380

BURL CAIN, WARDEN               SECTION: "F"(5)


## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Christopher Derouselle, and the State's response thereto. (Rec. docs. 1, 10). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Derouselle's petition be dismissed with prejudice.

Petitioner Derouselle is a state prisoner who is currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On February 20, 1997, Derouselle was found guilty of second degree murder after trial, by jury, in the Criminal District

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

Court for the Parish of Orleans, State of Louisiana.  On March 10, 1997, Derouselle was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

Derouselle directly appealed his conviction to the Louisiana Fourth Circuit Court of Appeal which, on October 20, 1999, reversed the conviction and remanded the matter for a new trial based on the trial judge's improper granting of a State's peremptory challenge. State v. Derouselle, 745 So.2d 767 (La. App. 4th Cir. 1999).  That decision was subsequently overturned by the Louisiana Supreme Court pursuant to a writ taken by the State and the case was returned to the Louisiana Fourth Circuit for consideration of Derouselle's remaining assignments of error.  State v. Derouselle, 761 So.2d 1269 (La.), recon. denied, 765 So.2d 1060 (La. 2000). After doing so, the Louisiana Fourth Circuit affirmed Derouselle's conviction and sentence on August 30, 2000.  State v. Derouselle, 769 So.2d 141 (La. App. 4th 2000).  Writs were denied by the Louisiana Supreme Court on October 12, 2001.  State v. Derouselle, 799 So.2d 491 (La. 2001). Derouselle's conviction became final ninety days later, or January 11, 2002, when the delays for him to apply for writs from the U.S. Supreme Court expired and no application therefor was made.  See U.S. Sup.Ct.R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)).

2

Thereafter, a review of the record does not reveal that Derouselle took any action in his criminal case until September 23, 2002, over eight months after his conviction had become final, when he drafted a letter to the clerk of the state trial court inquiring about the status of a post-conviction relief application ("PCRA") he had allegedly mailed to that court on some unspecified earlier date. (St. ct. rec., vol. 1 of 3). By correspondence dated November 19, 2002, the trial court advised Derouselle that no such PCRA or any other motions were pending before that tribunal. (Id.). Approximately five months later, Derouselle drafted a motion to consolidate and/or to supplement the PCRA he claimed to have previously submitted to the trial court, this time identifying the submission date of that earlier putative PCRA as February 15, 2002. (Id.). Derouselle subsequently inquired about the status of his case by correspondence dated August 5, 2003. (Id.). On October 27, 2003, the trial court entered judgment denying Derouselle's PCRA. (Id.). Writs were later denied by the Louisiana Fourth Circuit on January 14, 2004, State v. Derouselle, No. 2003-K-2101 (La. App. 4th Cir. Jan. 14, 2004)(unpublished order), and by the Louisiana Supreme Court on February 18, 2005. State ex rel. Derouselle v. State, 896 So.2d 19 (La. 2005). Derouselle's habeas petition and the required filing fee were hand-delivered to the Court fifty-two days later on April 11, 2005. (Rec. doc. 1).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Derouselle now have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, subsequent to the date that Derouselle's conviction became final on January 11, 2002, he had no challenges to his conviction pending before the state courts until April 21, 2003 when he executed his consolidated/supplemental PCRA that was subsequently denied by the trial court on October 27, 2003. By that time, however, the one-year period prescribed by §2244(d) had run its course. Derouselle's petition is thus untimely unless the one-year limitation period was tolled in some fashion.

In his traverse to the State's response, Derouselle repeats his earlier representation that he first filed his PCRA on February 15, 2002 as evidenced by a certified mail receipt card, a copy of which he has attached to his traverse. (Rec. doc. 11, p. 7). That

4

receipt indicates that something was mailed to the Orleans Parish Criminal District Court on February 15, 2002 and was received by one "Denise B. Martin" on some unspecified date. (Id.). According to Derouselle, after purportedly mailing his PCRA to the trial court on February 15, 2002 and receiving no response, he thereafter wrote a letter requesting a "status check" on the matter "... because the trial court failed to comply with state procedural [rules] for applications for post-conviction relief under La.C.Cr.P. Art. 924, et seq." (Rec. doc. 11, p. 4)(footnote omitted). Derouselle also attaches to his traverse a copy of that status inquiry letter which is dated September 23, 2002. (Rec. doc. 11, p. 8). In it, Derouselle refers to "over nine" previous letters of inquiry which supposedly went unanswered concerning the missing PCRA. (Id.). None of those nine earlier status inquiry letters, or even the dates on which they were allegedly written, have been provided to the Court. The Court also notes that the September 23, 2002 letter attached to Derouselle's traverse appears to be an original rather than a photocopy of an almost identical letter of the same date that appears in the state court record. (St. ct. rec., vol. 1 of 3). The Court further notes that in the "Statement of the Case" portions of both the memorandum supporting his federal habeas petition and the brief attached to his most recent writ application to the Louisiana Supreme Court, Derouselle makes no mention of any, much less nine, letters of inquiry

concerning the putative PCRA, stating only that "[o]n February 15, 2002, petitioner filed a post conviction application in the Orleans Criminal District Court ... [and that] [t]hereafter, petitioner filed several supplemental briefs to his post conviction application." (Memo in support of §2254, p. 4; La. Sup. Ct. writ app. No. 04-KH-536, p.2). The "several supplemental briefs" referenced in the foregoing memoranda are also noticeably absent from the record.

A petitioner in a habeas corpus proceeding bears the burden of proving his entitlement to statutory or equitable tolling. <u>Alarcon v. Cockrell</u>, 31 Fed.Appx. 833, 2002 WL 180614 at *1 (5th Cir. 2002). The only piece of evidence supporting Derouselle's request for tolling is a certified mail receipt card bearing a postmark date of February 15, 2002. However, there is no indication on the card as to what was mailed on that date nor has the identity of Denise B. Martin, the person who allegedly received it, been revealed to the Court. The September 23, 2002 status inquiry letter attached to Derouselle's traverse is different from the one which appears in the state court record and the nine previous written inquiries referenced in that letter have not been produced. Also absent from the record are the "several supplemental briefs" to his PCRA that Derouselle twice mentioned in his supporting memoranda. These inconsistencies lead the Court to believe that Derouselle's plea for statutory tolling is not well taken. <u>Lann v. Dretke</u>, 111

6

Fed.Appx. 236, 2004 WL 2166257 at *1 (5th Cir. 2004). Based on the evidence that is before the Court, although Derouselle claims to have submitted his PCRA to the trial court on February 15, 2002, he waited over seven months before he corresponded with the clerk to inquire about the status of the purported pleading. Afer the trial court advised him on November 19, 2002 that no such PCRA was pending there, Derouselle waited an additional five months before drafting the consolidated/supplemental PCRA that was ultimately considered and denied on October 27, 2003. He also allowed another two months to pass between the date that the Louisiana Supreme Court denied his most recent writ application to that tribunal and the date that he submitted his habeas petition to the Court. As these seven, five, and two month delays are evidence that Derouselle failed to diligently seek §2254 relief sufficient to justify the application of equitable tolling, <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 264-65 (5th Cir. 2002), it will be recommended that his habeas petition be dismissed with prejudice as untimely.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Christopher Derouselle be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 5 day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE